# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>v.<br><br>MAURICIO MENDEZ (1),<br><br>                               Defendant. | Case Nos.: 09CR0710-JLS<br>                16CV1491-JLS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 USC § 2255** |

Presently before the Court is Defendant Mauricio Mendez's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 526). The Government has filed a response and opposition to Defendant's motion and Defendant has filed a reply, supplemental briefing, and a supplemental notice. Having considered these submissions, the applicable legal authority, and the record in this case, the Court will grant Defendant's motion.

## BACKGROUND

On September 10, 2010, Defendant pled guilty, pursuant to a plea agreement, to two counts of a superseding information. Count 1 of the superseding information charged a conspiracy to conduct enterprise affairs through a pattern of racketeering

activity in violation of 18 U.S.C. § 1962(d); Count 2 charged Defendant with brandishing a firearm during and in relation to a drug trafficking crime and a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (ECF No. 288.)

The plea agreement set forth the elements of the Count 1 offense, the RICO conspiracy, as:

1. The defendant was employed by or associated with an enterprise, that is, a group of individuals associated in fact, as defined by 18 U.S.C. § 1961(4);

2. The enterprise engaged in or its activities in some way affected interstate commerce between one state and another state, or between a state of the United States and a foreign country; [and]

3. The defendant knowingly agreed with at least one other person to conduct or participate in the conduct of the enterprise's affairs through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and (5). That is, the defendant agreed to participate in the enterprise with the knowledge and intent that a least one member of the RICO conspiracy (which could be the defendant himself) would commit at least two racketeering acts described above in Section I of this agreement.

Plea Agreement, ECF No. 292 at 3.

The elements of Count 2, set forth under the heading "Use of Firearm During and in Relation to a Crime of Violence," were: "1) the defendant committed a crime of violence or a drug trafficking crime; and 2) the defendant knowingly brandished a firearm during and in relation to one of those crimes." *Id.* Regarding the factual basis for the Count 2 offense, the Plea Agreement set forth the following:

Among the acts that defendant committed as evidence of the conspiracy…, were:

a. On August 30, 2008, in San Diego, Mendez, along with other co-conspirators, went to a residence in Coronado to collect a drug debt. The conspirators, including Mendez, entered the home and unlawfully restrained the occupants. Mendez brandished a firearm to prevent the

2

occupants from fleeing.  Mendez threatened the occupants of the home with injury or death if they did not pay $54,000.  Mendez searched the house for valuables while others guarded the occupants downstairs.  Mendez and his co-conspirators, through intimidation and threats of violence, prevented the occupants from fleeing or contacting law enforcement.  Eventually, Mendez and his co-conspirators left the residence.  When they left, they unlawfully took (1) two Dodge trucks, (2) a Land Rover, (3) a Mercedes Benz, (4) approximately $2,000 in cash, (5) two laptop computers, (6) several Movado watches and (7) miscellaneous jewelry.  All of these items were taken without permission by force or threats or force.

    b.    Mendez forced an individual to leave the residence.

    c.    Mendez knowingly brandished a firearm during the commission of the above-described offense.

*Id.,* at 5-6.

Defendant was sentenced on December 3, 2010 to a total of 318 months' imprisonment.  This Court found a total offense level of 41 and that Defendant was a career offender,[1] resulting in a criminal history category of VI, for a guideline sentencing range of 360 months to life.  (Transcript of Sentencing Hearing, ECF No. 514 at 11-12.)  Because the Count 1 offense carried a statutory maximum term of 20 years, Defendant was sentenced to 240 months' custody with credit for six months served in state custody, resulting in a sentence of 234 months' custody on Count 1.  *Id.* at 12-13.  Defendant was sentenced to the mandatory consecutive sentence of 84 months' imprisonment for Count 2, resulting in the total sentence of 318 months' imprisonment.  *Id.*

---

[1] Defendant challenges his designation as a career offender on the grounds that neither the RICO conspiracy nor his prior convictions for California residential burglary, California robbery, and California battery by a prisoner are crimes of violence after *Johnson v. United States*, 135 S.Ct. 2551 (2015).  However, even without the career offender designation, Defendant's guideline range would have exceeded the 240-month statutory maximum, thus this determination is without material consequence and will not be addressed.

3

Defendant's plea agreement contained a waiver of appeal and collateral attack. (Plea Agreement, ECF No. 292 at 11.) Defendant did not file an appeal, but, on June 15, 2016, filed the instant motion under Section 2255. In its response to Defendant's motion, the Government sought a stay while the Ninth Circuit considered the issue of whether *Johnson v. United States*, 135 S.Ct. 2551 (2015) invalidates the residual clause in Section 924(c)(3)(B). Although the Court did not formally grant the stay, it did defer ruling on Defendant's motion for clarification of the issue. On June 24, 2019, the Supreme Court issued its decision in *United States v. Davis*, 139 S.Ct. 2319 (2019) holding that that the residual clause in Section 924(c)(3)(B) is void for vagueness.

## ANALYSIS

In *Johnson v. United States*, *supra*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. Under the ACCA, a sentencing judge is required to impose a mandatory 15-year minimum sentence for a conviction under 18 U.S.C. § 922(g), when the defendant has three or more prior convictions for a "serious drug offense" or a "violent felony." "Violent felony" is defined as a felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The second clause of Subsection (ii), italicized above, is what has come to be known as the residual clause. This clause was struck down in *Johnson,* but the force/elements clause, subsection (i) above, and the enumerated-offenses clause, the first clause of subsection (ii) above, were untouched. In *Welch v. United States*, 136 S.Ct.

1257, 1268 (2016), the Supreme Court held that *Johnson* announced a substantive rule that applies retroactively on collateral review.

In *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), the Supreme Court struck down the residual clause of 18 U.S.C. § 16[2] as unconstitutionally vague. The *Dimaya* Court noted that § 16's residual clause suffered from the same two features that rendered the residual clause at issue in *Johnson* unconstitutionally vague: "an ordinary-case requirement and an ill-defined risk threshold [that] necessarily "devolv[ed] into guesswork and intuition," invited arbitrary enforcement, and failed to provide fair notice." 138 S.Ct. at 1223, quoting *Johnson*, 135 S.Ct. at 2559.

In *United States v. Davis*, 139 S.Ct. 2319 (2019), the Supreme Court considered the residual clause of the "crime of violence" definition in 18 U.S.C. § 924(c)(3)(B). Under § 924(c)(3), a crime of violence is "an offense that is a felony" and:

(A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The *Davis* court noted that *Johnson* and *Dimaya* "teach that the imposition of criminal punishment can't be made to depend on a judge's estimation of the degree of risk posed by a crime's imagined "ordinary case."" 139 S.Ct. at 2326. The Court rejected the Government's suggestion that this problem could be alleviated by adopting a case specific interpretation of § 924(c)(3)(B) which would require courts to analyze the defendant's actual conduct in the predicate offense, holding that the statutory text,

---

[2]   Section 16 defines the term "crime of violence" as: "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

5

history, and relationship with other criminal statutes command the categorical approach. Ultimately the *Davis* court determined that the residual clause of § 924(c)(3) suffered the same defects as those at issue in *Johnson* and *Dimaya* and thus is unconstitutionally vague.

Defendant contends that, particularly in light of *Davis*, his conviction and sentence for § 924(c), Count 2 of the superseding information, must be vacated. The Government responds[3] that: 1) Defendant waived his right to collaterally attack his sentence; 2) Defendant procedurally defaulted his challenge to § 924(c)(3)(B); 3) Defendant has not carried his burden of proving he was convicted under the residual clause in § 924(c)(3)(B); and 4) *Johnson* does not invalidate § 924(c)(3)'s residual clause.[4]

Although it is true that Defendant waived his right to collaterally attack his conviction in his plea agreement and failed to file a direct appeal, the Court rejects the notion that Defendant can fairly be deemed to have waived or procedurally defaulted his claim herein. A plea agreement waiver will not apply if a defendant's sentence is "illegal," which includes a sentence that "violates the Constitution." *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016), quoting *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). If Defendant was sentenced under the residual clause of § 924(c)(3), his sentence would be illegal pursuant to *Davis* and his plea agreement waiver of collateral attack would be inoperative.

Similarly, procedural default may be excused in cases where a defendant can demonstrate both cause to excuse the default and actual prejudice. *United States v.*

---

[3] The Court refers to the United States' response and opposition to Defendant's § 2255 motion (ECF No. 549); the Government has not submitted any supplemental briefing specifically addressing *Davis*, nor has the Court requested further briefing due to the length of time Defendant's motion has already been pending.

[4] The Government also suggested that this Court should stay this case pending the Ninth Circuit Court of Appeals' decision in *United States v. Begay* and other cases. On August 19, 2019, the Ninth Circuit rendered its decision in *Begay*, holding that second-degree murder does not constitute a crime of violence under the remaining definition of "crime of violence," the elements clause of § 924(c)(3)(A). *United States v. Begay*, __ F.3d. __, 2019 WL 3884261 (9th Cir. Aug. 19, 2019).

6

*Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). Cause may be demonstrated when a claim is "so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). The Supreme Court has recognized three situations in which such a claim may arise: 1) where a Supreme Court decision explicitly overrules Supreme Court precedent; 2) where a Supreme Court decision "overturn[s] a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved"; and 3) where a Supreme Court decision disapproves of a practice the Court arguably sanctioned in prior cases. *Reed*, 468 U.S. at 17, quoting *United States v. Johnson*, 457 U.S. 537, 551 (1982). When a case falling into the first two categories is given retroactive application, "there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a state court to adopt the position that [the Supreme Court] ultimately has adopted." *Id.*

Here, Defendant satisfies the first and second *Reed* categories. *Johnson* overruled two prior rulings rejecting challenges to the ACCA's residual clause: *Skyes v. United States*, 564 U.S. 1 (2011) and *James v. United States*, 550 U.S. 192 (2007). *Johnson*, 135 S.Ct. at 2563. The Tenth Circuit has found cause excusing procedural default in a post-*Johnson* § 2255 challenge to the ACCA's residual clause, noting that, "it is fair to say that no one—the government, the judge, or the [defendant] could reasonably have anticipated *Johnson*." *United States v. Snyder*, 871 F.3d 1122, 1127 (10th Cir. 2017), quoting *United States v. Redrick*, 841 F.3d 478, 480 (D.C.Cir. 2016). Thus, *Davis*, which was extension of *Johnson*, also could not have been foreseen at the time of Defendant was sentenced in 2010. As Defendant points out, at that time the Ninth Circuit had consistently upheld the practice of imposing punishment under § 924(c)'s residual clause. *See e.g., United States v. Springfield*, 829 F.2d 860, 863 (9th Cir. 1987) (finding that involuntary manslaughter carried a "substantial risk" of force justifying § 924(c) conviction); *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993) (finding that

7

conspiracy to interfere with interstate commerce by robbery by its nature involves a substantial risk of force within the meaning of § 924(c)(3)(B)). Accordingly, the Court finds that Defendant has established cause for his failure to file a direct appeal. Defendant has also established actual prejudice because a decision in his favor on the merits would render illegal Defendant's sentence on Count 2.

As to the Government's third argument, the Court is persuaded that Defendant has met his burden of establishing that he may have been convicted under the residual clause of 924(c)(3). The Government contends that Defendant must establish that he was in fact sentenced under the residual clause to merit relief and notes that the Court "never uttered the phrase "substantial risk" during the sentencing hearing, nor relied on § 924(c)(3)(B) to sentence Mendez, at all." (Gov't Resp., ECF No. 549 at 9.) However, the record also contains no reference to the elements clause of 924(c)(3) and is silent as to the particular definition this Court applied in its determination that the sentence was warranted.

The Ninth Circuit has determined that when it is unclear from the record whether the sentencing court relied on the residual clause, but it may have, the defendant's § 2255 claim "relies on" the constitutional rule announced in *Johnson*. *United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017), overruled on other grounds by *Stokeling v. United States*, 139 S.Ct. 544 (2019). Thus, because the record is not clear which clause this Court relied upon in its determination that the predicate offense for Defendant's § 924(c) conviction constituted a violent felony, the Court finds that Defendant's claim "relies on" the rule announced in *Johnson*. Furthermore, because the predicate offense, conspiracy to conduct enterprise affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d), does not contain as an element the use, attempted use, or threatened use of physical force against the person property of another, Defendant's sentence necessarily relied upon the residual clause.

The Government suggests that the residual clause of the "crime of violence" definition is not implicated in this case because Defendant was charged with and

admitted that the § 924(c) conviction occurred during and in relation to both a drug trafficking crime and a crime of violence. However, the conduct admitted by Defendant as a basis for the Count 2 § 924(c) conviction centered upon an incident on August 30, 2008, where Defendant and other co-conspirators went to a residence in Coronado to collect a drug debt. (Plea Agreement, ECF No. 292 at 5-6.) Defendant admitted unlawfully entering the residence and brandishing a firearm to prevent the occupants from fleeing. He admitted threatening and restraining the occupants, taking property without permission by force or threats of force, and forcing an individual to leave the residence. *Id.* Thus, while the offense may have been charged as brandishing a firearm during both a drug trafficking offense and a crime of violence, the only conduct admitted by Defendant related to crimes of violence. Indeed, the plea agreement headings for the Count 2 offense describe it as "Count 2—Brandishing a Firearm During and In Relation to a Crime of Violence." (*Id.* at 3, 7.) Thus, the Court finds no support for the Government's suggestion that Defendant's conviction for Count 2 rested upon a drug trafficking offense.

Finally, the Government contends that *Johnson* does not invalidate 924(c)(3)(B)'s residual clause, a position we now know fails in light of *Davis*. Although *Davis* has not yet been made retroactive to cases on collateral review, the Court finds that *Davis*, like *Johnson* before it, announces a new rule not dictated by existing precedent. *See United States v. Hammoud*, 931 F.3d 1032 (11th Cir. 2019) (holding that *Davis* announced a new substantive rule and that Supreme Court's holdings in multiple cases necessarily dictate retroactive application of the new rule for purposes of second or successive petitions under § 2255(h)(2).).[5]

---

[5] Technically, Defendant's § 2255 motion, filed within one year of *Johnson*, was premature. *See United States v. Blackstone*, 903 F.3d 1020, 1028 (9th Cir. 2018) (recognizing that *Johnson's* application to the residual clause of § 924(c) had not been addressed by the Supreme Court, thus *Johnson* did not announce a new rule that is applicable to § 924(c)'s residual clause). However, since *Davis* now settles the issue, the Government initially requested to stay Defendant's motion until resolution of *United*

9

Thus, turning to the merits of Defendant's claim, the Court must analyze whether Defendant's conviction can be sustained under the elements clause of § 924(c)(3)(A). That is, the Court must determine whether the offense is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Summarized, the elements of the predicate offense, the RICO conspiracy, were set forth in the plea agreement as: 1) the defendant was employed by or associated with an enterprise…as defined by 18 U.S.C. § 1961(4); 2) the enterprise engaged in or in some way affected interstate commerce; and 3) the defendant knowingly agreed with at least one other person to conduct or participate in the conduct of the enterprise's affairs through a pattern of racketeering activity. (Plea Agreement, ECF No. 292 at 3.) None of these elements require the use or threatened use of physical force against the person or property of another and the Government makes no showing that they should be construed as such. Although it is clear that Defendant's conduct in this case did involve the use and threatened use of physical force, *Davis* teaches that the Court may not analyze the actual conduct of the predicate offense in determining whether the definition of "crime of violence" has been met. Applying the categorical approach commanded by *Davis*, the Court concludes that the predicate offense for Defendant's § 924(c) conviction does not qualify as a crime of violence under the elements clause of § 924(c)(3)(A). Accordingly, the Court finds that Defendant is entitled to relief.

---

*States v. Begay, supra n.4*, and Defendant would be entitled to file a second or successive petition for the reasons set forth in *Hammond*, the Court finds it appropriate to consider Defendant's motion as filed.

10

09CR0710-JLS
16CV1491-JLS

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is GRANTED. The Court HEREBY VACATES Defendant's sentence as to Count 2 of the superseding information. The sentence imposed for Court 1 remains in effect as do all other terms and conditions previously imposed.

IT IS SO ORDERED.

Dated: September 23, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge